UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
NANCY LENHART,

                        Plaintiff,

**PROPOSED FINAL**
**JURY INSTRUCTIONS**

    -against-

LONG ISLAND RAILROAD

                    Defendant.
-----------------------------------------------------------------x

## 1. INTRODUCTION

Ladies and Gentleman of the Jury;

Thank you, once again, on behalf of myself, the parties and their attorneys for your patience and attentiveness throughout this trial. We all recognize the personal inconvenience that service as a juror can entail, and we wish to convey our gratitude for your time and attention. As I mentioned to you at the beginning of this trial, I will instruct you on the law that you are to apply to the facts of the case, and you are duty bound to accept those instructions, even though you may disagree with the law as I explain it. If an attorney has stated a legal principal at odds with any of the instructions I am about to give, you should follow my instructions. Also, you should not single out any one instruction, or any one word or phrase in a given instruction, as alone stating the law. Rather, you should consider the instructions as a whole. Again, you must accept the law as I give it to you, and apply that law to the facts as you find them.

Having now heard all of the evidence in the case as well as the parties' closing arguments, I will now instruct you on the law.

1

Up to this point, you have been carefully listening and observing each witness who testified. I ask that you give me that same careful attention as I provide you the following instructions on the law.

My instructions will be in three parts:

(a) First, I will give you instructions about the general rules that govern the jury's duties;

(b) Second, I will instruct you as to the legal elements of the claims in this case, and

(c) Third, I will give you some general rules regarding your deliberations

## II. GENERAL RULES

### 1.    Role of the Court and Jury

Let me start by defining our respective roles as judge and jury. Your duty, as I mentioned in my opening instructions, is to find the facts from all of the evidence in this case, and to do that with complete impartiality and without bias, prejudice, or sympathy. You are the sole judges of the facts, and it is for you and you alone to determine what weight to give the evidence, to resolve any conflicts which may have appeared in the evidence, and to draw such inferences from the evidence that you deem to be reasonable and warranted. Therefore, with respect to any question concerning the facts, it is your recollection of the facts that controls- not plaintiff or defense counsel's recollections as expressed in the opening or closing statements, or my recollections, if I have made any references to testimony.

Any notes that you have taken during this trial are only aids to your memory. If you memory differs from your notes, you should rely on your memory and not your notes. The notes are not evidence. If you have not taken notes, you should rely on your memory of the evidence

2

and not be unduly influenced by the notes of other jurors. Notes should not be given any greater weight than the memory or impression of each juror about the testimony.

My job is to instruct you on the law. As I have stated, you must apply the law, as given in these instructions, to the facts as you find them. If the attorneys have stated a legal principle that differs from any legal principle that I state to you in my instructions, you must be guided solely by my instructions on the law.

You should not single out any instruction as alone stating the law, but should consider my instructions as a whole. You must follow all the rules as I explain them to you. You may not follow some and ignore others. Even if you disagree or do not understand the reasons for some of the rules, you are bound by your oath as jurors to follow them.

Since it is your job-not mine-to find the facts, I have neither expressed no attempted to suggest an opinion about how you should decide the facts of the case. You should not interpret anything I have said or done as expressing an opinion about the facts. For example, if I have asked questions of a witness, you should not give special consideration to those questions just because they were asked by the Court. Similarly, the fact that I may have ruled certain evidence admissible should not be interpreted as indicating that I have any opinion concerning its credibility or weight.

### 2.    **Definition of Evidence**

You must determine the facts in this case solely from the evidence or those inference that can reasonably be drawn from the evidence. I will now instruct you on what evidence is and how you should consider it.

Evidence has been presented to you in the following forms:

3

(a) First:   Sworn testimony from the witness you have heard during the

trial, both on direct examination and cross examination.

It is the witnesses' answers to the questions that are evidence, not the questions

themselves, asked by attorneys. At times, the attorneys questions may have included statements

which assumed certain facts to be true, and then asked the witness if the statement was true. If

the witness denied the truth of the statement, and if there was no other evidence introduced to

prove the assumed fact was true, then you may not consider it to be true simply because it was

part of a question. On the other hand, if the witness acknowledged the truth of the statement, you

may of course consider the witness's answer as evidence that the statement is true.

(b)Second:   Sworn testimony in the form of a deposition that was read.

Deposition testimony, like testimony given in court, is evidence in this case. At a

deposition, witnesses are questioned under oath before trial, and you should give deposition

testimony the same consideration as testimony given in court, even though it was taken before

the trial and outside the courtroom. During a deposition, a stenographer records the testimony

and transcribes it into a document, and later, the testimony may be read in court. Here, you have

heard some deposition testimony offered by plaintiff and defendant. The portions of the

transcript that you have heard must be considered as if the testimony came from the witness

while he or she were on the stand, and you should consider the testimony of a witness given at a

deposition the same way you would testimony given at trial.

(c)Third   Exhibits that have been received in evidence by the court are

evidence.

Exhibits may include phonographs, documents, audio recording or other objects. If any

4

exhibits have been marked only for identification or used to refresh a witness's recollection, but have not been received in evidence, you may not consider them.

Certain other things are not evidence and you must disregard them in deciding what the facts are.

(a)First:  Arguments or statements made by the attorneys.

(b)Second:  Objections to the questions or to the offered exhibits.

Speaking of objections, you should also recognize that the attorneys have a duty to object when they believe evidence should not be received and, therefore, you should not hold against them the fact that they may have made objections against the other party.

(c)Third:  Do not consider testimony that has been excluded, stricken, or that you have been instructed to disregard. On the other hand, if an objection was raised as to a certain question or testimony, and that objection was overruled, treat the answer to that question or that testimony like any other answer or testimony.

(d)Fourth:  Anything I may have said or done is not evidence

(e)Fifth:  Obviously, anything you may have seen or heard outside the court room is not evidence.

You should note that the law does not require any party to produce as exhibits all papers and things mentioned in the evidence in the case. Similarly, the law does not require any party to call as witness all persons who may have been present at any time or place involved in the

case, or who may appear to have some knowledge of the matters at issue in this trial.

### 3. Direct and Circumstantial Evidence

Now that you know what evidence is and is not, you should know that generally speaking, there are two types of evidence: direct and circumstantial. You may use both types of evidence in reaching your verdict in this case. There is no difference between the weight to be given these two types of evidence.

The first, direct evidence, is testimony from a witness about something he knows by virtue of his own senses-something he has seen, felt, touched, or heard. The other type of evidence-circumstantial evidence-is proof of a chain of circumstances pointing to the existence or non-existence of certain facts. A simple example is: you come to court on a day when the weather is clear and dry. After several hours in the courtroom, a person walks in wearing a raincoat and shaking a wet umbrella. Now, suppose you have not had the opportunity to look outside the window while in the courtroom to see if it is raining. You would not have direct evidence that it had rained, but you might infer that it is raining from the things you have seen or that you know to be true.

That is all there is to circumstantial evidence. On the basis of reason, experience, and common sense, you infer the existence or non-existence of a fact from one or more established facts.

Based on your common sense and life experience, you are permitted to draw reasonable inferences, from the facts you find to be proven. Inferences are deductions or conclusions which you are permitted-but not required-to draw from the facts which have been established from the evidence in the case. But remember, you are not allowed to merely guess or speculate as to

the facts.

4.    **Credibility & Weighing Testimony**

In deciding what the facts are in this case, you must consider all the evidence that has

been offered. In doing this, you must decide which testimony to believe and which testimony not

to believe. This is true for testimony that was given in court and testimony that was given by

deposition. Deposition testimony is entitled to the same consideration as in-court testimony and

should be judged as to credibility, weighed, and otherwise considered in the same way as if the

witness has been present in court.

You are the sole judges of credibility and may choose to disbelieve all or part of any

witness's testimony. In making that decision, you make take into account any number of factors,

including the following:

(a)    The witness's opportunity to see, hear, and know about the events he
described;

(b)    The witness's ability to recall and describe those things;

(c)    The witness's manner in testifying, and how the witness impressed you;

(d)    The reasonableness of the witness's testimony in light of all of the other
evidence in the case;

(e)    You may consider the interest of a witness in the outcome of the trial. For
example, a party to an action is what the law refers to as an "interested
witness." However, the fact that a witness is an interested witness does not
necessarily make him less believable than a witness who is not interested.
The fact that a witness is interested in the outcome of the case

does not mean that he has not told the truth. It is for you to determine from the behavior of such a witness while he is testified, and from your general experience in judging people, whether or not his testimony has been shaded or colored by his interest, either intentionally or unintentionally. Similarly, you may consider the relationship which each witness bears to either side in this litigation and the manner in which each witness might be affected by the verdict. For example, you have heard testimony from current employees of the Long Island Railroad. In weighing their testimony, you may consider the relationship those employees have to the Long Island Railroad and whether the employment relationship influenced their testimony in any way.

(f)     You may also consider whether a witness's testimony was contradicted by his or her other testimony, by what that witness said or did on a prior occasion, by the testimony of other witnesses or by other evidence. However, in deciding whether or not to believe a witness, bear in mind that people sometimes forget things or become nervous while testifying. An inconsistency or a contradiction may be due to an innocent mistake. Or it may be due to an intentional falsehood. Consider, therefore, whether an inconsistency has to do with an important fact or small detail.  Also bear in mind that two people witnessing a single event may observe it differently and remember it differently.

If you find that any statement by a witness is false, in whole or in part, you may disregard the particular part you find to be false, or you may disregard his or her entire testimony as not

believable.

In this case you have heard opinion witness testimony from the following individuals:

_____, _____, _____, _____, _____, _____, _____.

Witnesses are normally not permitted to testify as to opinions or conclusions, but expert

witnesses and treating physicians are the exception. An expert witness or treating physician is a

person who, by education and experience, has developed special knowledge or training in some

art, science, profession, or calling. Because of his specialized knowledge or training in a given

field, an expert or treating physician is allowed to express his opinion on those matters within his

field of expertise.

You should consider each opinion received in evidence in this case and give it the weight

you think it deserves. In weighing the expert's testimony, you may consider their qualifications,

his or her opinions, and his or her reasons for testifying, as well as all of the other considerations

that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You

should not accept an expert witness's or treating physicians testimony as true merely because he

or she is an expert or treating physician. Nor should you substitute it for your own reason,

judgement, and common sense. If you decide that such testimony was not based on sufficient

education and experience, that the reasons given in support of the opinion are not sound, or that

the opinion is outweighed by other evidence, you may disregard the opinion entirely. Remember,

the determination of the facts rests solely with you.

When determining the facts, keep in mind that the test is not which side presents the

greater number of witnesses or the greater quantity of evidence, but which witnesses and which

evidence you find most credible. For example, you may find that the testimony of a small number of witnesses as to any fact is more credible then the testimony of a larger number of witnesses to the contrary.

### 5. No Sympathy or Bias; Equality of Litigants

In determining the issues of fact and rendering a verdict in this case, you should perform your duty with complete impartiality without bias, sympathy or prejudice as to any party. Both parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being to you and reach a verdict, regardless of the consequences.

You must consider and decide this case as an action between persons of equal standing in the community and of equal worth. Nancy Lenhart and The Long Island Railroad have the same right to a fair trial at your hands. All parties stand equal before the law and are to be dealt with as equals in a court of justice.

### 6. Burden of Proof

Now, in this case, when I speak of the plaintiff, I am referring to Nancy Lenhart. In a civil action, such as this, the plaintiff has the burden of proving the essential elements of his claims against the defendant by preponderance of the evidence.

Some of you may have heard of the standard of "proof beyond a reasonable doubt." This standard applies only in a criminal trial. It does not apply to a civil case such as this, and you should not consider the evidence in this case under that standard.

To establish a claim by a preponderance of the evidence simply means to prove that something is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It does not mean the greater number of witnesses or the greater length of

the time taken by either side. This determination is based on the quality and persuasiveness of the evidence - the weight and effect it has on you minds.

If the evidence in support of the plaintiff's claims, when considered and compared with the evidence offered against them, is more convincing and produces in you minds a belief that what he seeks to prove is more likely true than not true, you must find for the plaintiff - in this case Ms. Lenhart - with respect to her claims. If the evidence weighs so evenly that you are unable to say that here is a preponderance of the evidence on either side, or if the evidence shows the defendant's position is more likely true than not true then you should return a verdict for the defendant - in this case Long Island Railroad.

To summarize briefly - a preponderance of the evidence means such evidence as when considered and compared with that opposed to it, produces in your mind a belief that what is sought to be proved is more likely the case than not the case.

## 8.    **Special Verdict Sheet**

Before I explain the substantive law that is applicable to this case, I would like to direct you attention to the copies of my instructions that you are now holding. I have prepared a special verdict sheet to assist you in keeping track of the factual issues that you must resolve. You will find it appended at the end of my instructions. In short, you will not simply be returning a verdict for the plaintiff or for the defendant. You will be resolving specific issues. I will then enter a verdict consistent with your findings.

## III. LEGAL ELEMENTS OF THE CLAIM

I will now explain the law that you will apply to the facts as you find them. Ms. Lenhart's case is based on the *Federal Employer Liability Act*, commonly known as "FELA." Fela allows railroad employees to sue and recover damages from their employer for personal injuries caused in a whole or in part by the railroad's negligence. In this case, as you are well aware, Ms. Lenhart was

11

employed by the Long Island Railroad as a Ticket Clerk. Ms. Lenhart argued that Long Island Railroad's negligence in failing to provide her with a safe work place with adequate tools and equipment caused her injuries. Defendant Long Island Railroad argued that Ms. Lenhart was not injured as a result of its negligence and that they provided a safe work place.

### 1. **The Elements of the FELA Claim**

The Act makes a railroad, such as The Long Island Railroad, liable in money damages to any employee who is injured in the course of his employment if the injury results in whole or in part from the negligence of the railroad. In this case, you are to accept that at the time and place of the incident you have heard about, Long Island Railroad was a railroad engaged in interstate commerce and that Nancy Lenhart was an employee of the defendant.

In this case, Plaintiff must prove by a preponderance of the evidence, meaning more likely than not, that:

First, that the long Island Railroad was negligent, and;

Second, that such negligence caused, that is played a part in bringing about an injury to the plaintiff.

Only if plaintiff has established both of these elements by a preponderance of the evidence will you reach the issue of damages, which I will discuss later. First, let me instruct you on the legal meaning of negligence and causation that you are to apply to the facts of this case.

### 2. **Negligence**

The fact that Ms. Lenhart was injured during the course of her employment does not automatically entitle her to recover from his employer. Rather, she can only recover damages from Long Island Railroad if the railroad was negligent. Negligence is simply the failure to use the same degree of care which a person of ordinary prudence would use in the circumstances of a given situation. It can be either doing something that a reasonably prudent person would not have

12

done or failing to do something that a reasonably prudent person would have done. The degree of care required by the "reasonable care" standard, as it is often called, varies with the level of risk. That is to say, the greater the risk of harm, the greater the required level of care. "Reasonable care" simply means the care a reasonably prudent person would exercise in the management of their own affairs to avoid injury to themselves or others. Reasonable care is a relative term-the conduct in question must be viewed in light of all surrounding circumstances as shown by evidence.

At the time and place in question, Long Island Railroad had a continuing duty as Ms. Lenhart's employer to use ordinary care in furnishing a reasonably safe place to work. Long Island Railroad also had a duty to use ordinary care to maintain and keep the place of work in a reasonably safe condition. This does not mean, however, that the defendant was a guarantor or insurer of the safety of Ms. Lenhart's workplace. Specifically, the defendant was required to guard against those risks or dangers of which it knew, or by the exercise of a reasonable care, should have known. In other words, the defendant's duty is measured by what a reasonably prudent person would anticipate or foresee as creating a potential for harm resulting from the particular circumstances.

To determine whether a risk was foreseeable-that is, the railroad knew or should have known of a particular risk or danger, you may consider evidence concerning the railroad's actual knowledge of such danger, including whether the risk was brought to the attention of the railroad by its employees. You may also consider whether a reasonably prudent person would have known of the risk, or would have taken precautions against the risk.

One or more thing about negligence in this case. Long Island Railroad is a corporation, but since corporations can only act through their officers or employees, any negligent acts or omissions of Long Island Railroad's officers or employees (other than Ms. Lenhart) are held in

13

law to be the negligence of the corporation. Practically speaking, Ms. Lenhart's burden is to show by a preponderance of the evidence that Long Island Railroad's officers or employees were negligent which will thereby establish Long Island Railroad's negligence.

### 3.   Causation

For purposes of this action, damage or injury is said to be caused by a defendant's negligence whenever it appears from the evidence that plaintiff's injury resulted in whole or part from the negligence of the railroad or its employees or agents. In other words, did such negligence play any part in bringing about an injury to the plaintiff? So if you should find by a preponderance of the evidence that defendant Long Island Railroad's negligence contributed in whole or in part, to any injury or damage suffered by plaintiff Nancy Lenhart, you must find that the injury or damage was caused by defendant Long Island Railroad's failure to use reasonable care.

It is important to remember that there can be more than one cause of any injury. The involvement of any other cause does not prevent a finding for the plaintiff, as long as you find the employer's negligence played any part in causing an injury to the plaintiff.

Regarding Ms. Lenhart's physical, mental, and emotional injuries, she must prove by a preponderance of the evidence that any injury sustained was the result of the incident. You must not speculate in this respect. Long Island Railroad may only be held responsible for injuries, which the plaintiff actually suffered as a result of Long Island Railroad's negligence. The Long Island Railroad cannot be found liable for physical, mental, or emotional injuries that are solely attributable to any prior or subsequent accident or illness.

But keep in mind, you take the plaintiff as you find her, meaning Long Island Railroad's liability is not lessened merely because Ms. Lenhart had a pre-existing illness or injury. If you find that a pre-existing injury was aggravated by the incident or made her injuries more serious

14

then the average person, you may find that the defendant's negligence was the cause of aggravation or the more serious injuries.

### 4. Damages

First, keep in mind that the fact I am instructing you on damages is not any indication that you should find for plaintiff. It is for you to decide on the evidence presented and the rules of law I have given you whether the plaintiff is entitled to recover from the defendant. If you decide that Long Island Railroad was not negligent or that any of Ms. Lenhart's injuries were not caused by Long Island Railroad's negligence, you need not go any further. Only if you decide that plaintiff has proven by a preponderance of the evidence that she suffered injury as a result Long Island Railroad's failure to provide a safe work place with adequate tools and equipment will you consider the measure of damages.

Should you find that the plaintiff suffered injuries as a result of Long Island Railroad's negligence your job is to determine a sum of money which will justly and fairly compensate the plaintiff for all loss resulting from the injuries sustained.

Ms. Lenhart is seeking "compensatory damages" only, that is damages to make her whole, or to put her in the same position, to the extent that money can, that she would be in if the incident never occurred. She may also be entitled to damages for the physical, mental, and emotional injuries, that is pain and suffering, that she has suffered as a result of the incident.

But I remind you that you may only award Ms. Lenhart damages that will reasonably compensate her for the injuries and damages as you find, from a preponderance of the evidence in the case, resulted in whole or in part from the negligence of the defendant. You are not permitted to award speculative damages. Accordingly, you should include in any verdict, compensation for her damages and past losses resulting from her injuries as well as compensation for her future losses and damages that Ms. Lenhart is reasonably likely to suffer in

the future.

In fixing the amount of damages to award for those injuries you find were caused by Long Island Railroad's negligence, you must be guided by your own common sense and experience. You should not engage in arbitrary guesswork, but you must also keep in mind that the law does not require a plaintiff to prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as is reasonable from inferences where you deem appropriate and from the facts and circumstances in evidence.

(a)     Pain and Suffering

If you find from a preponderance of the evidence that Ms. Lenhart suffered physical, mental, and emotional injuries as a result of the accident, you should award her an amount sufficient to compensate her for any such injury she sustained, and any resulting disability experienced in the past or likely to be experienced in the future. If you find that an existing injury or condition was aggravated by the accident, you may award Ms. Lenhart only the portion of her aggravated injury or condition that resulted from the incident.

No exact standard exists for an award of damages to compensate someone for pain, suffering, and mental anguish. Instead, the measure of damages is what a reasonable person would consider to be adequate and just under all the circumstances to compensate the plaintiff, which may include compensation for any physical consequence resulting from such pain and suffering. In determining the amount, if any, to be awarded for pain and suffering, you may also take into consideration the effect that her injuries have had on her ability to enjoy life. Loss of enjoyment of life involves the loss of ability to perform daily tasks, to participate in the activities which were a part of the person's life before the injury, and to experience the pleasures of life.

Ms. Lenhart is entitled to be reimbursed for all pain, suffering, and mental anguish she has already incurred as a result of her injuries (Special Verdict Sheet, Question 6(a)). You may

16

also award damages for any pain, suffering, and mental anguish plaintiff has proven, by a preponderance of the evidence, she will incur in the future because of the injuries she suffered (Special Verdict Sheet, Question 7). You will also be asked to indicate how many years into the future the pain, suffering, and mental anguish will be incurred.

(b)     Loss of Earnings

Ms. Lenhart is entitled to be reimbursed for earnings lost as a result of his injuries that were caused by the defendant. Should you find by a preponderance of the evidence that Ms. Lenhart was unable to work as a result of any injuries caused by Long Island Railroad, then you may award her past lost earnings (Special Verdict Sheet, Question 3(b)). You have heard evidence about what Ms. Lenhart's usual compensation is and the number of days she missed. You should base an award for past lost earnings, if any, on those figures. Remember, though, Ms. Lenhart may only be compensated for time she was unable to work because of any injuries she sustained, as a result of Long Island Railroad's negligence.

Should you find that Ms. Lenhart has proven by a preponderance of the evidence that she will lose wages in the future as a result of the incident, you may also award her future lost earnings (Special Verdict Sheet, Question 8). In considering this amount, you are to assume that had Ms. Lenhart  not been injured, she would have continued to work and receive wages for some period of time. To do this, you will need to decide how many additional years she would have worked, as well as what her future annual compensation would have been for each year. You will be asked to indicate how may years into the future the loss of earnings will be incurred. You may include not only lost wages, but also lost fringe benefits, such as insurance coverage, pension and retirement plans, in calculating this amount. You should also deduct from this amount unreimbursed expenses that Ms. Lenhart would incur if she continued working, such as transportation, uniforms and other such items.

17

(c)     Future Damages: Life Expectancy and Taxes

I must also instruct you about a few issues that you should consider when calculating

future damages, if any, that Ms. Lenhart is entitled to. I point out that Ms. Lenhart is now ___

years of age and, according to life expectancy tables, she has a life expectancy of approximately

___ more years. Such table merely shows estimates of the probable, average remaining life span

of persons in the United States of a given age and sex. It neither assures the span it lists nor

assures that plaintiff will not live longer. The expectancy figure is not binding on you, but you

may consider it together with your experience and the evidence you have heard. You should also

bear in mind the distinction between entire-life expectancy and work-life expectancy. Those

elements of future damage that are related to future income should be measured only by Ms.

Lenhart's remaining work-life expectancy, not her entire life expectancy.

You should also be aware that if you make an award of future damages to plaintiff, that

award is not subject to income taxes. Therefore, you should not add or subtract any amount to the

total award in the mistaken belief that such taxes would be due.

To summarize, the purpose of these instructions on damages is to help you determine a

figure, if you find that an award is appropriate, that puts the plaintiff in the same position, to the

extent an award of money can do so, as if the injury had never happened.

5.     **Comparative Negligence**

The defendant has argued that Ms. Lenhart is responsible, at least in part if not entirely,

for her own injuries. Should you find that Long Island Railroad was negligent and that negligence

caused, in whole or in part, Ms. Lenhart's injuries, but also that Ms. Lenhart's own negligence

contributed to her injuries, Ms. Lenhart's damages will be reduced to the extent she is to blame.

It will not bar her from recovering damages from Long Island Railroad.

On your special verdict sheet, you will be asked to specify the percentage of negligence, if

18

any, you attribute to the plaintiff (Special Verdict Sheet, Question 5). For example, if you find that plaintiff's and defendant's negligence equally caused her injuries, you would indicate that you find plaintiff to be 50% at fault. The total amount of damages awarded to the plaintiff, then, would be reduced by 50% before judgement is entered. I use this figure only as an example, and not as any suggestion of what you should find. The decision as to whether Ms. Lenhart's own negligence contributed to her injuries and to what extent is entirely yours.

By the way, the "reasonable care" standard described earlier with regard to the railroad applies the same way to Ms. Lenhart. That is, if Ms. Lenhart failed to use the degree of care that a reasonably prudent person in the same situation would have used, and such failure contributed to her injuries, then you will find her to be comparatively negligent and assign a percentage of fault to her on you verdict sheet.

## IV. CLOSING INSTRUCTIONS

I have now outlined for you the rules of law applicable to this case, the process by which you weigh the evidence and determine the facts, and the legal elements which must be proved by a preponderance of the evidence. In a few minutes you will retire to the jury room for your deliberations. I will now give you some general rules regarding your deliberations.

Keep in mind that nothing I have said in these instructions is intended to suggest to you in any way what I think your verdict should be. That is entirely for you to decide.

I remind you once again that it is your responsibility to judge the facts in this case from the evidence presented during the trial and to apply the law as I have given it to you to the facts as you find them from the evidence. Remember also that your verdict must be based solely on the evidence in the case law as the court has given it to you, not on any thing else.

In order for your deliberations to proceed in an orderly fashion, you must have a foreperson. As is traditional, Juror No. 1 will act as the foreperson. The foreperson will be

responsible for signing all communications to the court and for handing them to the marshal during your deliberations, but, of course, his vote is entitled to no greater weight then that of any other juror.

It is very important that you not communicate with anyone outside the jury room about you deliberations or about anything touching this case. There is only one exception to this rule. If it becomes necessary during your deliberations to communicate with me, you may send a note, through the marshal, signed by your foreperson. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will never communicate with any member of the jury on any subject touching upon the merits of the case other than in writing, or orally here in open court. On the subject of communication, let me just reiterate that you are not to communicate with anyone outside the jury room about this case, which means you may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer, the Internet, or any Internet service, or any text or instant messaging service, or any Internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube, or Twitter, to communicate to anyone any information or to conduct any research about this case until after I accept your verdict.

If, in the course of your deliberations, your recollection of any part of the testimony should fail, or you should find yourself in doubt concerning my instructions to you on the law, it is your privilege, if you so desire, to return to the courtroom for the purpose of having such testimony or instructions read back to you. Again, you may make such a request by note to a marshal. I suggest, however, that you be specific to avoid hearing testimony you do not desire to assist you in your deliberations.

During the trial certain items were received into evidence as exhibits. If, after you have begun your discussion of the case, you think it would be helpful to have any of the exhibits with

you in the jury room, you may make the request by a note to the marshal and I will send the exhibits in to you.

Your duty is to reach a fair conclusion from the law and the evidence. It is an important one. When you are in the jury room, listen to each other, and discuss the evidence and issues in the came among yourselves. It is the duty of each of you, as jurors, to consult with one another, and to deliberate with a view toward reaching agreement on a verdict, if you can do so with out violating you individual judgement and conscience. While you should not surrender conscientious convictions of what the trust is and of the weight and effort of the evidence and while each of you must decide the case for yourself and not merely acquiesce in the conclusion of your fellow jurors, you should examine the issues and the evidence before you with candor and frankness, and with proper deference to and regard for the opinions of each other.

You should not hesitate to reconsider your opinions from time to time and to change them if you are convinced they are wrong. However, do not surrender an honest conviction as to the weight and effect of the evidence simply to arrive at a verdict. The decision you reach must be unanimous; you must all agree on every entry on the verdict sheet.

When you have reached a verdict, simply send me a note singed by your foreperson, that you have reached a verdict. Do not indicate what the verdict is. In no communication with the court should you give a numerical count of where the jury stands in its deliberations.

Remember in your deliberations that the dispute between the parties is, for them, no passing matter. They and the court rely upon you to give a full and conscientious deliberation and consideration to the issues and evidence before you. By so doing, you carry out to the fullest your oaths as jurors to well and truly try the issues of this case and render a true verdict.

I will ask you to wait for a few moments while I discuss with counsel whether there is anything further that you need to be charged.

(The Attorneys will come to the side bar to make any exceptions) (Swear Marshals)